EHRLICH, Justice.
This disciplinary proceeding is before us on complaint of The Florida Bar and the uncontested report of the referee. We have jurisdiction, article V, section 15, Florida Constitution.
Respondent, a member of the New York Bar, has been a member of The Florida Bar since 1973.
In April 1983 respondent was suspended from practice by the New» York Supreme Court, Appellate Division, based upon six pending complaints alleging fraud and conversions committed against his clients in amounts ranging from $450 to $91,000, and respondent’s failure to cooperate with the investigation into those charges. In February 1984, respondent pled guilty and was convicted of second-degree grand larceny in the New York Supreme Court, New York County. Because of this conviction, respondent was sentenced to imprisonment for a period of one to three years. The Appellate Division of the New York Supreme Court issued a final order disbarring respondent in August 1984.
These facts constituted the basis of The Bar’s complaint to which the respondent failed to reply. The referee recommended that respondent be found guilty of violating the following provisions of the Code of Professional Responsibility:
Disciplinary Rules 1-102(A)(3) (a lawyer shall not engage in illegal conduct involv *1249 ing moral turpitude), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation), 9-102(B)(3) (a lawyer shall maintain complete records of all funds of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them), 9-102(B)(4) (a lawyer shall promptly pay to the client as requested by a client the funds in the possession of the lawyer which the client is entitled to receive), and Integration Rule 11.02(4) (Money entrusted to an attorney for a specific purpose is held in trust and must be applied only to that purpose).
The referee further recommended that respondent be disbarred.
We approve the referee’s recommendations. Accordingly, it is the judgment of this Court that respondent be disbarred from the practice of law in the State of Florida, effective immediately. Judgment for costs in the amount of $304 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, SHAW and BARKETT, JJ„ concur.